UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MANUEL AYALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:05-CV-245 RLM |
| ) | |
| TRIKING TRANSPORTATION CO. ) | |
| LTD., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND OPINION**

On April 22, 2005, this case was transferred from the Western District of Oklahoma to the Northern District of Indiana, South Bend Division.  On May 6, 2005, Defendant PAM Transport, Inc. ("PAM") filed a motion to change venue [Doc. No. 8], requesting that this Court transfer this case to the Northern District of Indiana, Hammond Division.  This Court has the authority to rule on PAM's motion pursuant to its referral order and 28 U.S.C. § 636 (b)(1)(A).

An adverse party shall have fifteen days after service of a motion in which to serve and file a response.  N.D. L.R. 7.1(a).  Failure to file a response within the time prescribed may subject the motion to summary ruling.  Id.  As of this date, neither Plaintiff nor the other Defendants have responded to PAM's motion, or provided any explanation for their inaction.  Consequently, under N.D. L.R. 7.1(a) this Court could summarily rule on PAM's motion to change venue.

However, in addressing the merits of PAM's motion, a change in venue is appropriate in this matter pursuant to 28 U.S.C. § 1404(b).  Section 1404(b) states "upon motion...any action, suit or proceeding...may be transferred in the discretion of the court, from the division in which

pending to any other division in the same district." In addition, § 1404(a) allows a court to transfer a case for the convenience of the parties and witnesses.

The facts reveal that this case has no connection to the South Bend division because the accident did not occur in or around South Bend, nor are any of the parties located near the South Bend area. Rather, the accident from which this matter stems occurred in Hammond, Indiana. Although PAM's corporate headquarters is located in Arkansas, its counsel is located in Schererville, Indiana, which, like the Hammond division, is located in Lake County. Additionally, the remaining Defendants' last known addresses are in Illinois. Defendants' travel time and expenses would be less if this case were transferred to the Hammond division. Furthermore, the police officers who investigated the accident are in Lowell, Indiana, which is located in Lake County. Finally, there is a reasonable belief that witnesses to the accident are located in the areas surrounding Hammond. Thus, this case clearly has more connection to the Hammond division and is more convenient for all parties involved in this matter.

Based on the aforementioned reasons, PAM's motion to change venue to the Northern District of Indiana, Hammond Division [Doc. No. 8] is **GRANTED**.

**SO ORDERED.**

Dated this 31st day of May, 2005.

> s/Christopher A. Nuechterlein
> Christopher A. Nuechterlein
> United States Magistrate Judge